UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EDITH MARTIN, | CASE NO. 1:17CV944 |
| Plaintiff, | |
| v. | MAGISTRATE JUDGE GEORGE J. LIMBERT |
| NANCY A. BERRYHILL[1], ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM OPINION AND ORDER |
| Defendant. | |

Plaintiff Edith Martin ("Plaintiff") requests judicial review of the Commissioner of Social Security Administration's ("Defendant") decision denying her application for Supplemental Security Income ("SSI").[2] ECF Dkt. #1. In her brief on the merits, filed on September 21, 2017, Plaintiff asserts that: (A) the administrative law judge ("ALJ") failed to adequately evaluate the findings of the examining psychologists when making the residual functional capacity ("RFC") finding; (B) the ALJ issued an RFC finding that is not supported by substantial evidence; and (C) that new and material evidence warrants remand. ECF Dkt. #15. Defendant filed a brief on the merits on October 20, 2017. ECF Dkt. #17. Plaintiff did not file a reply.

For the following reasons, the Court AFFIRMS the decision of the ALJ and dismisses the instant case in its entirety with prejudice.

## I.    **FACTUAL AND PROCEDURAL HISTORY**

---

[1]On January 23, 2017, Nancy A. Berryhill became the acting Commissioner of Social Security, replacing Carolyn W. Colvin.

[2]At the hearing, Plaintiff amended her alleged onset date to August 13, 2014, and withdrew her claim for disability insurance benefits. ECF Dkt. #9 at 40-41, 250.

Plaintiff filed applications for disability insurance benefits ("DIB") and SSI, alleging disability beginning on December 31, 2007. ECF Dkt. #9 ("Tr.") at 18.[3] The claims were denied initially and upon reconsideration. *Id.* at 127, 160. Plaintiff then requested a hearing before an ALJ, which was held on March 16, 2016. *Id.* at 36. At the hearing, Plaintiff amended her alleged onset date to August, 13, 2014, and withdrew her claim for DIB. *Id.* at 40-41, 250. On April 26, 2016, the ALJ issued a decision concluding that Plaintiff was not disabled. *Id.* at 15. Subsequently, the Appeals Council denied Plaintiff's request for review. *Id.* at 1. Accordingly, the decision issued by the ALJ on April 26, 2016, stands as the final decision.

The instant suit was filed by Plaintiff on May 4, 2017. ECF Dkt. #1. Plaintiff filed a brief on the merits on September 21, 2017. ECF Dkt. #15. Defendant filed a response brief on October 20, 2017. ECF Dkt. #17. Plaintiff did not filed a reply brief.

## II. **SUMMARY OF RELEVANT PORTIONS OF THE ALJ'S DECISION**

On April 26, 2016, the ALJ issued a decision finding that Plaintiff was not disabled. Tr. at 15. The ALJ found that Plaintiff had not engaged in substantial gainful activity since August 13, 2014, the application date. *Id.* at 20. Continuing, the ALJ determined that Plaintiff had the following severe impairments: morbid obesity; degenerative disc disease of the lumbar spine; depressive disorder; bipolar disorder; obstructive sleep apnea; severe tendinosis and partial tear of the subcapularis tendon on the left; personality disorder; and post-traumatic stress disorder. *Id.* at 21. The ALJ then stated that Plaintiff does not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 22.

After consideration of the record, the ALJ found that Plaintiff had the RFC to perform medium work as defined in 20 C.F.R. § 416.967(c) with the following additional limitations: occasionally lift and carry fifty pounds; frequently lift and carry twenty-five pounds; sit for six

---

[3] All citations to the Transcript refer to the page numbers assigned when the Transcript was filed in the CM/ECF system rather than the page numbers assigned when the Transcript was compiled. This allows the Court and the parties to easily reference the Transcript as the page numbers of the .PDF file containing the Transcript correspond to the page numbers assigned when the Transcript was filed in the CM/ECF system.

hours; walk for six hours; push and pull as much as she could lift or carry; occasionally reach overhead on the left; frequently reach in all other directions on the left; frequently climb ramps and stairs; occasionally climb ladders, ropes, or scaffolds; occasionally stoop; frequently crouch, kneel, balance, and crawl; occasional exposure to hazards such as unprotected heights or moving mechanical parts; occasionally operate a motor vehicle; simple, routine, and repetitive tasks, but not at a production rate pace (*i.e.*, assembly line work); simple work-related decisions using her judgment and dealing with changes in work setting; frequently interact with supervisors; and occasionally interact with co-workers and the public. *Id.* at 23-24.

The ALJ then stated that Plaintiff was unable to perform past relevant work, was an individual closely approaching advanced age on the date the application was filed, had a limited education, and was able to communicate in English. Tr. at 28. Next, the ALJ indicated that the transferability of job skills was not material to the determination because the Medical-Vocational Rules supported a finding of not disabled. *Id.* Considering Plaintiff's age, education, work experience, and RFC, the ALJ stated that jobs existed in significant numbers in the national economy that Plaintiff could perform. *Id.* For these reasons, the ALJ found that Plaintiff had not been under a disability, as defined in the Social Security Act, since August 13, 2014, the date the application was filed. *Id.* at 29.

## III. STEPS TO EVALUATE ENTITLEMENT TO SOCIAL SECURITY BENEFITS

An ALJ must proceed through the required sequential steps for evaluating entitlement to social security benefits. These steps are:

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b) and 416.920(b) (1992));

2. An individual who does not have a "severe impairment" will not be found to be "disabled" (20 C.F.R. §§ 404.1520(c) and 416.920(c) (1992));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement, see 20 C.F.R. § 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d) and 416.920(d) (1992));

-3-

    4.        If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e) and 416.920(e) (1992));

    5.        If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f) and 416.920(f) (1992)).

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992). The claimant has the burden to go forward with the evidence in the first four steps and the Commissioner has the burden in the fifth step. *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

## IV.    STANDARD OF REVIEW

Under the Social Security Act, the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability. This Court's review of such a determination is limited in scope by § 205 of the Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. §405(g). Therefore, this Court's scope of review is limited to determining whether substantial evidence supports the findings of the Commissioner and whether the Commissioner applied the correct legal standards. *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990).

The substantial-evidence standard requires the Court to affirm the Commissioner's findings if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cole v. Astrue*, 661 F.3d 931, 937, citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation omitted). Substantial evidence is defined as "more than a scintilla of evidence but less than a preponderance." *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234 (6th Cir. 2007). Accordingly, when substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if a preponderance of the evidence exists in the record upon which the ALJ could have found plaintiff disabled. The substantial evidence standard creates a "'zone of choice' within which [an ALJ] can act without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir.2001). However, an ALJ's failure to follow agency rules and regulations "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon

the record." *Cole, supra*, citing *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir.2009) (internal citations omitted).

## V.  LAW AND ANALYSIS

### A.  Mental RFC

Plaintiff asserts that the ALJ "failed to utilize appropriate standards and adequately evaluate the findings and opinion of Social Security's examining consultants." ECF Dkr. #15 at 10. First, Plaintiff states that the ALJ erred in giving only partial weight to the opinion of Michael Faust, Ph.D., a consultative psychologist. *Id.* at 11. Plaintiff claims that the ALJ's rationale that Dr. Faust "did not specifically opine to what extent that limitations apply and was inconsistent with [Plaintiff's] testimony" was erroneous. *Id.* Continuing, Plaintiff asserts that this analysis was superficial and that it included the ALJ's medical conclusions and did not incorporate the appropriate standards, and thus the ALJ did not provide a legally sufficient basis for the weight assigned to the opinion of Dr. Faust. *Id.*

Next, Plaintiff states "[i]n weighing opinions of non-treating sources, Social Security regulations require the ALJ to apply the same level of scrutiny as afforded to treating source opinions." ECF Dkt. #15 at 11 (citing *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 379 (6th Cir. 2013)). Plaintiff also avers that an ALJ may not make medical judgments and that the ALJ improperly exercised medical expertise by interpreting raw data to determine Plaintiff's RFC, which was not supported by a "treating physical [RFC] assessment." *Id.* at 12. Continuing, Plaintiff states that the ALJ only assigned partial weight to the opinion from Dr. Faust and that this was error. *Id.* Plaintiff asserts that the ALJ's assessment of Plaintiff's RFC was "primarily based on [the ALJ's] own interpretation of medical examination findings and test results" as prohibited by the Sixth Circuit. *Id.* at 12-13 (citing *Messe v. Barnhart*, 192 F. App'x 456, 465 (6th Cir. 2006)). Additionally, Plaintiff claims that the ALJ's RFC finding is not supported by substantial evidence. *Id.* at 13.

Further, Plaintiff asserts that the ALJ assigned great weight to the opinion of David V. House, Ph.D., a consultative psychologist, but failed to credit the limitations identified by Dr. House. ECF Dkt. #15 at 13. Plaintiff states that the Sixth Circuit has made clear that ALJs may not "cherry

-5-

pick" from the record. *Id.* (citing *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 724 (6th Cir. 2014) (internal citations omitted)). Continuing, Plaintiff asserts that the ALJ "purportedly gave great weight to Dr. House's opinion, yet the ALJ's finding regarding [Plaintiff's] mental [RFC] does not address [Plaintiff's] dysfunction and disruption in a work environment and her poor prognosis." *Id.* at 14. According to Plaintiff, this selective parsing of the record requires remand. *Id.*

Defendant contends that the ALJ properly considered the medical opinion evidence and other evidence of record when assessing Plaintiff's RFC. ECF Dkt. #17 at 17. Specifically, Defendant asserts that the ALJ considered Dr. Faust's opinion in the context of the record as a whole and properly assigned it partial weight, noting that it was partially consistent with the record. *Id.* at 18. Defendant states that the ALJ considered Dr. Faust's examination report and findings, and ultimately assigned the opinion partial weight since the opinion was partially consistent with the examination findings and the record as a whole and some of Dr. Faust's findings were inconsistent with evidence in the treating records. *Id.* at 19. Further, Defendant indicates that the ALJ stated that Dr. Faust's opinion was inconsistent with Plaintiff's own representations that she: worked as a cook and planned to attend culinary school; visited with family; socialized with others; watched football with friends; walked to the corner store; used a mobile library; used public transportation; left her apartment to visit her mother daily; attended high-school equivalency classes two days per week; performed court-ordered community service three days per week; and attended church weekly. *Id.*

Defendant also states that Plaintiff's criticism of the ALJ's analysis on the basis of *Gayheart* is misplaced and that although the factors for consideration are the same, the level of deference assigned to the opinion and the requirements for explaining the weight assigned to a treating source versus a non-treating source are not the same. ECF Dkt. #17 at 20. Defendant also asserts that the ALJ did not interpret raw medical data when referring to findings made by a physician and that it is the ALJ's job to evaluate the medical opinion evidence based on its consistency with the record as a whole. *Id.* Additionally, Defendant avers that the ALJ explained the weight assigned to Dr. House's opinion and assigned the limitations that were found to be supported by the evidence in the RFC finding. *Id.* at 21.

Plaintiff's arguments are without merit. As an initial matter, Plaintiff's argument that *Gayheart* supports the proposition that "[i]n weighing the opinions of treating sources, Social Security regulations require the ALJ to apply the same level of scrutiny as afforded to treating source opinions" is not supported by that case. ECF Dkt. #15 at 11. The ALJ was not procedurally required to provided "good reasons" for discounting the weight assigned to non-treating sources. *See Gayheart*, 710 F.3d at 376; *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 514-15 (6th Cir. 2010); *Smith v. Comm'r or Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007).

Regarding the opinion of Dr. Faust, the ALJ supported the assignment of partial weight with substantial evidence. After explaining that the global assessment of functioning ("GAF") score provided by Dr. Faust was assigned little weight since it was a highly subjective rating, as were all GAF scores in the record, the ALJ stated the following:

> Regarding the remainder of Dr. Faust's opinion, the undersigned gives it partial weight, because it is partially consistent with the record as a whole. For example, his opinion that [Plaintiff] may have difficulty recalling tasks is consistent with [Plaintiff's] difficulty in performing serial 7s during her consultative examination. His opinion that she would have difficulty responding to others is consistent with [Plaintiff's] testimony that she feels paranoid and uncomfortable around people. However, Dr. Faust did not specifically opine to what extent these limitations apply. Based on [Plaintiff] additional testimony that she gets together with family for the holidays and socializes with friends in her apartment building and from time-to-time as well as utilizes public transportation, the undersigned more specifically find that [Plaintiff] could occasionally interact with co-workers and the public and that she can occasionally deal with changes in the work setting. Overall, however, the undersigned gives this opinion partial weight. [sic]

Tr. at 26 (internal citation omitted). As for Dr. House's opinion, the ALJ stated the following:

> The undersigned gives Dr. House's opinion great weight, because it is generally consistent with the record as a whole. For example, his opinion that [Plaintiff] can follow simple, multi-step tasks is consistent with [Plaintiff's] ability to read books and also with her aspiration of attending culinary school. His opinion that [Plaintiff] can interact with authorities on a short-term basis is consistent with her ability to occasionally interact with friends and family as well as use public transportation. Finally, the undersigned has also considered Dr. House's program knowledge when assessing this opinion with great weight.

*Id.* at 27 (internal citation omitted).

As stated above, the substantial-evidence standard requires the Court to affirm the Commissioner's findings if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cole*, 661 F.3d at 937 (internal citation omitted).

Accordingly, when substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if a preponderance of the evidence exists in the record upon which the ALJ could have found plaintiff disabled. In the instant case, the ALJ cited substantial evidence to support the weight assigned to the opinions of Dr. Faust and Dr. House. The ALJ explained why partial weight was assigned to Dr. Faust's opinion, namely, that Plaintiff's testimony was inconsistent with the limitations opined by Dr. Faust as to her ability to interact with and feel comfortable around others. Tr. at 26. Further, Plaintiff's contention that the ALJ improperly supplanted the medical evidence is unconvincing because the ALJ summarized Dr. Faust's opinion and then properly indicated which parts of that opinion were contradicted by Plaintiff's testimony. These findings did not supplant any medical evidence. Rather than supersede the opinion of a medical source, the ALJ simply compared a medical source opinion with Plaintiff's own statements and found the opinion was inconsistent with Plaintiff's testimony. This is not cause for remand.

Moving to Dr. House's opinion, the ALJ stated that great weight was assigned to this opinion because it was generally consistent with the record as a whole. Tr. at 27. Plaintiff asserts that despite assigning great weight to Dr. Faust's opinion, the ALJ "cherry picked" portions of the opinion. ECF Dkt. #15 at 13. Dr. House was a psychological consultant and the ALJ was under no special duty to adopt each of the findings contained in this opinion. Plaintiff fails to cite any precedent supporting the position that the ALJ was required to meet any standard other than substantial evidence regarding the weight assigned to Dr. House's opinion, or that the ALJ was required to adopt all of Dr. House's findings after assigning the opinion great weight. The ALJ indicated that Dr. House's opinion was generally consistent with the record as a whole and provided examples of these consistencies, as stated above. Accordingly, the ALJ was not obligated to address each portion of Dr. House's opinion and supported the assignment of great weight to Dr. House's opinion with substantial evidence. For these reasons, the Court finds that the ALJ's decision regarding the opinions of Dr. Faust and Dr. House is supported by substantial evidence.

### **B.    Physical RFC**

Next, Plaintiff asserts that "the ALJ's determination that she had the RFC for medium work is not supported by substantial evidence and the opinion of Social Security's examining consultant."

-8-

ECF Dkt. #15 at 14. Plaintiff states that the ALJ's determination that she could perform medium work with additional limitations is inconsistent with the opinion of Dorothy A. Bradford, M.D., a consultative examining physician. *Id.* at 15. Specifically, Plaintiff avers:

> The ALJ's assumption that Dr. Bradford's opinion was premised on [Plaintiff's] testimony, without application of Social Security's own regulations, is reversible error requiring remand, particularly since a sedentary [RFC], as found by Dr. Bradford, entitles [Plaintiff] to a finding of disability pursuant to the medical-vocational rules.

*Id.* Plaintiff asserts that the ALJ's RFC finding also lacked the support of substantial evidence, and cites evidence that she believes contradicts the ALJ's RFC finding. *Id.* at 15-17. Continuing, Plaintiff states that "[r]ather than obtain an updated medical opinion regarding [Plaintiff's RFC], the ALJ relied on the opinions of reviewing physicians who did not have the opportunity to review the majority of the medical evidence." *Id.* at 17 (citing *Taylor v. Comm'r of Soc. Sec.*, No. 4:13CV1253, 2014 WL 1874055 (N.D. Ohio May 8, 2014)). Additionally, Plaintiff asserts that the ALJ also erred in failing to address a treatment note from Shanail R. Berry, M.D., indicating that Plaintiff had difficulty walking for more than fifteen to twenty minutes, as a medical opinion. *Id.* at 17-18 (citing *Craddock v. Colvin*, No. 1:14CV1328, 2015 WL 4664006, at *2 (N.D. Ohio Aug. 6, 2015)).

Defendant contends that the ALJ properly assigned Dr. Bradford's opinion little weight and explained that the opinion was not supported by Dr. Bradford's own examination record and appeared to be based on Plaintiff's subjective allegations rather than objective evidence. ECF Dkt. #17 at 21. Continuing, Defendant states that Dr. Bradford opined that Plaintiff was limited to sedentary activity without an explanation or support from objective findings, and that the ALJ recognized this inconsistency. *Id.* Further, Defendant asserts that Plaintiff: does not explain how the relevant factors for consideration would warrant assigning greater weight to Dr. Bradford's opinion; fails to offer any explanation of how the treatment records she cites are inconsistent with medium work; and fails to identify any objective medical findings or medical opinions indicating Plaintiff could not perform medium work. *Id.* at 22. Defendant avers that the ALJ's RFC finding was based on the record as a whole and that the ALJ properly considered the abundance of evidence showing that Plaintiff's activities were inconsistent with her allegations of disability. Finally, Defendant asserts that the ALJ's RFC finding is supported by substantial evidence.

Plaintiff's argument fails. The ALJ stated the following, in relevant part, regarding Plaintiff's physical RFC:

> On June 13, 2013, [Plaintiff] had an examination with Dorothy Bradford, M.D. During that examination, [Plaintiff] stated that she has pain after walking one block. She estimated that she could stand for 5 minutes and lift 5 pounds. Dr. Bradford opined that [Plaintiff] should be limited to sedentary work.
>
> The undersigned gives Dr. Bradford's opinion little weight. The doctor's own examination of [Plaintiff] stated that [Plaintiff] had normal gait. The doctor also noted that [Plaintiff[ had full range of motion in her lumbar spine. Accordingly, it appears that Dr. Bradford's quite restrictive opinion of [Plaintiff] is contrary to her own treatment notes indicating a normal evaluation of [Plaintiff]. The doctor relied on [Plaintiff's] allegations rather than objective medical evidence when opining sedentary work. Therefore, the undersigned give Dr. Bradford's opinion little weight. . .
>
> Overall, the undersigned has not found [Plaintiff's] allegations fully consistent with the evidence. [Plaintiff] testified that she cannot stand for more than 5 or 6 minutes. However, she also testified that she is able to walk to and from the store. Although she testified that the store is only one block away, it is highly likely that she would need to stand or walk more than 5 or 6 minutes to walk to and from the store. Additionally, there are other records, which show that [Plaintiff] walks 30 minutes per day 3 days per week. This is not consistent with [Plaintiff's] testimony that she can only stand for 5 or 6 minutes. Furthermore, at hearing [sic], she described performing community service 3 days per week in 4 hour shifts as a condition of her probation and that she babysat a baby for a friend last year, working 2-3 days per week for 4-5 hours each day. This evidence is not consistent with her allegation of disability.

Tr. at 26-27 (internal citations omitted).

The ALJ supported the decision to assign little weight to Dr. Bradford's opinion with substantial evidence. Specifically, the ALJ explained that Dr. Bradford's own treatment notes were inconsistent with the opined limitations. Further, the ALJ reasoned that Dr. Bradford relied on Plaintiff's subjective complaints, which closely resembled Plaintiff's testimony regarding her limitations, when forming the opinion. As stated by the ALJ, Plaintiff's testimony was also inconsistent with her daily activities. Plaintiff's argument that the ALJ assumed that Dr. Bradford's opinion "was premised on [Plaintiff's] testimony, without application of Social Security's own regulations" is likewise unpersuasive. ECF Dkt. #15 at 15. The ALJ provided a thorough analysis of the inconsistencies between Dr. Bradford's opinion and her treatment notes, and the opinion and the other evidence of record. *See* Tr. at 26-27. Accordingly, substantial evidence supports the ALJ's assignment of little weight to Dr. Bradford's opinion.

Finally, Plaintiff briefly asserts that the ALJ erred in failing to analyze a treatment note prepared by Dr. Berry reporting that Plaintiff had difficulty standing and walking for more then fifteen to twenty minutes as an opinion. ECF Dkt. #15 at 18 (citing *Craddock*, 2015 WL 4664006, at *2). The case cited by Plaintiff dues not support her apparent contention that every treatment note should be considered an opinion, but rather supports the proposition that medical records may contain professional opinions that should be addressed by the ALJ. *See Craddock*, 2015 WL 4664006, at *2. The portion of the treatment notes now cited by Plaintiff is titled "Progress Notes" rather than "Impression" or a similar section indicating that Dr. Berry opined that Plaintiff could only walk for fifteen to twenty minutes. Tr. at 306. In fact, the "Impression" section of the treatment notes does not limit standing or walking, and Dr. Berry included an activity plan recommending that Plaintiff keep an "activity log thirty minutes a day and 4 days a week . . . 2 days of resistence/strengthening exercises per week." *Id.* at 311. For these reasons, the undersigned finds that the ALJ's RFC finding is supported by substantial evidence.

### C. New and Material Evidence

Finally, Plaintiff claims that new evidence, including an updated functional capacity assessment and a new favorable decision granting disability benefits, proves that this case should be remanded for additional proceedings. ECF Dkt. #15 at 18. The new evidence proffered by Plaintiff consists of an RFC assessment dated June 30, 2017, and a notice that SSI benefits had been granted to Plaintiff dated August 2, 2017. ECF Dkt. #15 at 19; ECF Dkt. #15-1; ECF Dkt. #15-2. Plaintiff asserts that this new evidence is material and relevant to her disability at the time of the hearing held on March 16, 2016. ECF Dkt. #15 at 19.

Defendant argues that Plaintiff fails to explain how this evidence relates to the time period considered in this case. ECF Dkt. #17 at 24. Continuing, Defendant states that, to warrant remand, there must be a reasonable probability that the Commissioner would have reached a different disposition of the disability claim if presented with the new evidence. *Id.* (citing *Salyers v. Comm'r of Soc. Sec.*, 574 F. App'x 595, 597 (6th Cir. 2014) (internal citations omitted)). Defendant notes that Plaintiff recognizes that evidence is material only if it concerns a condition during the relevant period of time. *Id.* In conclusion, Defendant asserts that the proposed new evidence does not relate

-11-

to the period at issue, August 13, 2014, the amended alleged onset date, through April 26, 2016, the date of the ALJ's decision, and therefore is not relevant.

Plaintiff fails to show how the new evidence is material to her alleged disability at the time the ALJ issued the decision. The new evidence proffered by Plaintiff was created over a year after the ALJ issued the decision and therefore does not reveal further information about Plaintiff's ability to work at the time the ALJ's decision was issued. *See Oliver v. Sec. of Health and Human Servs.*, 804 F.2d 964 (6th Cir. 1986). Accordingly, the undersigned finds that the evidence now proffered by Plaintiff is not material to ALJ's decision that is subject to review in this case and declines to remand this case for further proceedings.

## **VI.** **CONCLUSION**

For the foregoing reasons, the Court AFFIRMS the decision of the ALJ and dismisses the instant case in its entirety with prejudice.

Date: August 8, 2018  */s/George J. Limbert*
GEORGE J. LIMBERT
UNITED STATES MAGISTRATE JUDGE